UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL C. STOVALL, | ) |
|         Plaintiff, | ) |
| v. | ) No. 2:22-cv-00484-JPH-MJD |
| SHELBY CRICHFIELD, *et al.*, | ) |
|         Defendants. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Daniel Stovall is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("WVCF"). He filed this civil action alleging that the food served to him at WVCF harms him in violation of his civil rights. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

1

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Stovall sues (1) Shelby Crichfield, (2) Aramark,[1] (3) Warden Vanihel, (4) the Indiana Department of Correction ("IDOC"), and (5) the State of Indiana. The only form of relief he requests is monetary damages. Dkt. 1 at 7.

He alleges that Aramark serves a high-soy diet at WVCF in an effort to save money. He contends that this diet causes him multiple health problems, including constipation, diarrhea, vomiting, and sharp pains in his digestive tract, among other things. He contends that this amounts to negligence, cruel and unusual punishment under the Eighth Amendment, and a violation of his due process rights. He also alleges that defendant Crichfield has violated his due process rights by failing to properly process his grievances on this issue. Mr. Stovall further contends that he complained to Warden Vanihel about Ms. Crichfield's failure to properly process his grievances regarding the food service and problems he's been having with new boxer shorts at the facility. He goes on to allege that the IDOC and the State of Indiana are responsible for the actions of their contractors and staff.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, any claim against the IDOC or the State of Indiana is dismissed because states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983. *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (the state is not a "person" that can be sued under 42 U.S.C. § 1983);

---

[1] Mr. Stovall identifies this defendant as "Air Mark," but the Court understands this to refer to Aramark Corporation, which provides food services to prison facilities.

*Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–70 (1989). Mr. Stovall acknowledges this but nonetheless contends that he is "challenging the constitutionality of the statute and policy." Dkt. 1 at 5. But he does not explain what statute or policy he is challenging or how the State or its agency can be amenable to suit in this way.

Second, any due process claim regarding the processing or denial of his grievances is dismissed. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Because Mr. Stovall asserts due process claims against Ms. Crichfield and Warden Vanihel, the claims against these defendants are dismissed.

The claims which shall proceed are the following. Mr. Stovall's claim that Aramark serves a high-soy diet that has caused him harm is understood to be a claim that Aramark has a policy, custom, or practice of providing an inadequate diet. This claim **shall proceed** against Aramark under the Eighth Amendment. Mr. Stovall's state law negligence claim shall proceed against Aramark.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 10, 2023,** in which to identify those claims.

The **clerk is directed** to terminate Frank Vanihel, Shelby Crichfield, IDOC, and the State of Indiana as defendants on the docket. The **clerk shall further** amend the docket to reflect that defendant Air Mark is properly identified as Aramark.

## IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Aramark in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/19/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DANIEL C. STOVALL
961380
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Aramark Corporation
1715 Andrew Ave.
La Porte, IN 46350

Courtesy copy to:

Christopher Cody
Hume Smith Geddes Green & Simmons, LLP
54 Monument Circle, Suite 400
Indianapolis, IN 46204