UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DANIEL C. STOVALL,              )
                                  )
            Plaintiff,         )
                                  )
            v.              )     No. 2:22-cv-00484-JPH-MJD
                                  )
ARAMARK C.O.,              )
                                  )
            Defendant.   )

**ORDER GRANTING ARAMARK'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Daniel C. Stovall, who is in the custody of the Indiana Department of Correction ("IDOC"), alleges that Aramark deprived him of an adequate diet in violation of the Eighth Amendment by serving him a high-soy diet, and that Aramark was negligent under Indiana law. Aramark has moved for summary judgment. Dkt. 45. Because no reasonable jury could find that Aramark's actions caused Mr. Stovall's injuries, Defendants' motions for summary judgment, dkt. [45], is **GRANTED** on Mr. Stovall's Eighth Amendment claim and the Court gives notice of its intent to relinquish jurisdiction over his state-law negligence claim.

**I.**
**Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to

1

the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Stovall and draws all reasonable inferences in his favor. *Khungar,* 985 F.3d at 572–73.

**A. The Parties**

At all times relevant to his complaint, Mr. Stovall was an inmate incarcerated at Wabash Valley Correctional Facility. Dkt. 47-2 at 3 (Stovall Dep. at 7).

Aramark is a private company that contracts with IDOC to supply food services at Wabash Valley. Dkt. 47-3 at 1 (Declaration of Brian Butler). Brian Butler serves as the Food Service Manager for Aramark. *Id.*

**B. Aramark Food Standards**

Aramark serves inmates pursuant to a "Master Menu" plan mandated by their contract with IDOC. Dkt. 47-3 at 2. The Master Menu dictates what inmates are served each day, and it is reviewed and approved by a registered dietician. *Id.* The meals meet the nutritional guidelines based on Dietary Reference Intakes for males and females between 19 and 50 years old. *Id.* The Master Menu ensures adequate levels of protein, Vitamin A, Vitamin C, calcium, and iron are provided in inmate meals. *Id.* The standard daily meals at Wabash Valley provide 2,500-2,800 daily calories. *Id.*

The meals served at Wabash Valley during the time in question were consistent with the Master Menu. *Id.* The Master Menu includes items that contain soy. *Id.* at 3.

**C. Mr. Stovall's Condition**

Mr. Stovall alleges that the food provided to him at Wabash Valley contains high levels of soy, which has caused him to become ill. Dkt. 47-2 at 4 (Stovall

Dep. at 11-12). Mr. Stovall has never been diagnosed with any sort of soy allergy. *Id.*

Due to this high-soy diet, he states that he cannot produce solid stools, his bones ache, he experiences cramping and heartburn, and he feels lethargic. *Id.* at 4–5, 8 (Stovall Dep. at 12-14, 17, 27). Mr. Stovall states that the smell of soy makes him nauseated, and when he smells food that contains soy product, it causes him to vomit. *Id.* at 6 (Stovall Dep. at 19).

Mr. Stovall requested medical care for his gastrointestinal issues, and saw the nurse twice. *Id.* at 10 (Stovall Dep. at 34). At one visit, a nurse advised him to eat more foods from commissary, and at another, the nurse said that "[i]t's probably the soy that's in the food that you're eating, because we're constantly having people complain about it." *Id.* at 7 (Stovall Dep. at 23). Mr. Stovall believes other inmates have contracted cancer due to the high-soy diet. *Id.* at 9 (Stovall Dep. at 33).

### III.
### Discussion

### A. Eighth Amendment *Monell* Claims Against Aramark

Mr. Stovall alleges that Aramark was deliberately indifferent to his health in violation of the Eighth Amendment when it provided him a high-soy diet. Private corporations like Aramark that contract with the state to provide essential services to prisoners are treated as municipalities acting under color of state law for purposes of Section 1983. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). Aramark therefore cannot be held liable for its

employees' actions. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021) (explaining liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978)). Instead, Mr. Stovall must show a violation of his Eighth Amendment rights caused "by a corporate policy or widespread practice or custom" of Aramark. *Id.*

Aramark argues that it's entitled to summary judgment because while the meals at Wabash Valley contain soy, the undisputed evidence is that the meals "constitute a nutritionally adequate diet" that do "not present a danger" to inmates' health. Dkt. 46 at 8. Mr. Stovall responds that Aramark has a widespread practice of using high levels of "unhealthy" and "toxic" soy products instead of beef to save money. Dkt. 52 at 3.

Deliberate indifference claims under the Eighth Amendment include both an objective and a subjective component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). To meet the objective component, a prisoner must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Id.* To meet the subjective component, a prisoner must establish that the defendants had a culpable state of mind—that they "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021).

Prisoners are entitled to "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Smith v. Dart*, 803 F.3d 304, 311–12 (7th Cir. 2015). So "[d]eliberate withholding of nutritious food or

5

substitution of tainted or otherwise sickening food, with the effect of causing substantial weight loss, vomiting, [and] stomach pains . . . would violate the Eighth Amendment." *Prude v. Clarke*, 675 F.3d 732, 734 (7th Cir. 2012).

But even if Mr. Stovall has designated evidence that Aramark serves high-soy meals, he has not shown a connection between those meals and his medical issues. *See Howell*, 987 F.3d at 653–54 ("[T]he critical question for liability is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)."). He designates no evidence to support his allegations that the soy in Aramark's meals is "unhealthy," "dangerous," and "toxic." Dkt. 52 at 3; *see Chatham v. Davis*, 839 F.3d 679, 686 (7th Cir. 2016) (arguments "rest[ing] entirely on speculation" are "rightly rejected"). Instead, the undisputed designated evidence is that Aramark's diet was approved by a registered dietician and met the American Correctional Association's nutritional guidelines. Dkt. 47-3 at 2. Nor has Mr. Stovall designated evidence of any other inmates who have gotten sick from eating soy in their diets, as required for *Monell* liability. *See* dkt. 52; *Stockton v. Milwaukee County*, 44 F.4th 605, 617 (7th Cir. 2022) ("To establish deliberate indifference to the purportedly unconstitutional effects of a widespread practice, Stockton must point to other inmates injured by that practice.").

Instead, Mr. Stovall testified that a nurse once told him that his gastrointestinal issues were "probably" due to eating soy. Dkt. 47 at 2 (Stovall Dep. at 23). Even if that weren't inadmissible hearsay, *see Anderson v. City of Rockford*, 932 F.3d 494, 509 (7th Cir. 2019), it is the type of "sheer,

6

unsubstantiated speculation" that cannot support causation, *Miranda v. County of Lake*, 900 F.3d 335, 348 (7th Cir. 2018). *Accord Stockton*, 44 F.4th at 618 (affirming summary judgment on *Monell* claim because "Stockton's evidence linking Madden's unfortunate death to a municipal practice or custom is tenuous and highly speculative.").

In short, Mr. Stovall has failed to show that an Aramark custom or policy has caused him harm, so Aramark is entitled to summary judgment. *See id.* at 617 (*Monell*'s "'rigorous' causation standard demand[s] a direct causal link between the challenged municipal action and the violation of [Mr. Stovall's] constitutional rights.").

**B. State Law Negligence Claims Against Aramark**

Since Aramark is entitled to summary judgment on Mr. Stovall's Eighth Amendment claim, that leaves only Mr. Stovall's state-law negligence claim. "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Management Co., Inc. v. BP Products N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012); 28 U.S.C. § 1367(c). "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt.*, 672 F.3d at 479. The Seventh Circuit has identified three exceptions "that may displace the presumption":

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Id.* at 480.

Here, none of the parties have addressed whether the Court should relinquish supplemental jurisdiction over the state-law claim, but the factors weigh in favor of dismissing that claim. First, by bringing his state law claim in federal court under 28 U.S.C. § 1367(a), Mr. Stovall tolled the statute of limitations on his state law claim. *Artis v. District of Columbia*, 138 S.Ct. 594, 598 (2018) ("We hold that § 1367(d)'s instruction to 'toll' a state limitations period means to hold it in abeyance, *i.e.*, to stop the clock."). Second, substantial judicial resources have not been spent on any of the state-law claims. *RWJ*, 672 F.3d at 481 ("[C]oncerns about judicial economy have their greatest force when significant federal judicial resources have already been expended to decide the state claims."). And, most importantly, "the resolution of the state claim[ ] in this case is" not clear because Aramark has cited no cases regarding how Indiana negligence law may apply in this context. *See id.*; dkt. 46 at 17.  Given the Court's resolution of the federal claim, "the center of gravity in the case has shifted to [Indiana negligence law]; these are issues ideally decided by an [Indiana] judge applying [Indiana] law."  *RWJ*, 672 F.3d at 481.

In sum, the factors weigh in favor of the Court's relinquishing supplemental jurisdiction over Mr. Stovall's state law claim. The parties may show cause by April 24, 2025 why the state-law claim should not be dismissed without prejudice.

### IV.
### Conclusion

Aramark's motion for summary judgment, dkt. [45], is **GRANTED** on Mr. Stovall's Eighth Amendment claim and he shall have through **April 24, 2025** to show cause why his state-law negligence claim should not be dismissed without prejudice.

**SO ORDERED.**

Date: 3/25/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DANIEL C. STOVALL
961380
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

All Electronically Registered Counsel