UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DANIEL C. STOVALL,                    )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )        No. 2:22-cv-00484-JPH-MJD
                                      )
ARAMARK,                              )
                                      )
                    Defendant.        )

**ORDER**

On March 25, 2025, the Court granted Aramark's motion for summary judgment on Daniel Stovall's Eighth Amendment claims. Dkt. 70 at 9. The parties were then ordered to show cause why the Court should not relinquish supplemental jurisdiction over the state-law negligence claims and dismiss them without prejudice. *Id.* at 8–9. Neither party showed cause, and the Court issued final judgment on all of Mr. Stovall's claims on July 1, 2025. Mr. Stovall has filed a motion to proceed on appeal *in forma pauperis*, dkt. 80, as well as a motion for clarification, dkt. 85. The Court discusses each below.

## I.    Motion to Proceed on Appeal *In Forma Pauperis*

Mr. Stovall seeks leave to proceed on appeal without prepayment of the appellate fees of $605.00. Dkt. 80. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States*, 369 U.S. 438 (1962). Although the Court found in favor of the defendant's constitutional claims on summary judgment, the Court finds that Mr. Stovall's appeal is not based on a frivolous claim.

1

*Whitaker v. Dempsey*, 83 F.4th 1059, 1062 (7th Cir. 2023) (explaining that a good-faith appeal only requires the district court to conclude that the resolution of the case to be difficult). Accordingly, his appeal is taken in good faith. Because Mr. Stovall was permitted to proceed *in forma pauperis* in the district court action, his motion for leave to proceed on appeal *in forma pauperis*, dkt. [80], is **granted**. *See* Fed. R. App. P. 24(a)(3).

Mr. Stovall is assessed an initial partial filing fee of **Five Dollars and Fifty-Seven Cents ($5.57)**. *See* 28 U.S.C. § 1915(b)(1). Mr. Stovall shall have through **August 29, 2025**, in which to pay this sum to the clerk of the district court. Although Mr. Stovall is excused from pre-paying the full filing fee, he still must pay the Six Hundred and Five Dollar ($605.00) appellate filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

## II.    Motion for Clarification and Change of Address

Mr. Stovall's motion seeks clarification on the status of his appeal. He claims that he filed an appeal of the Court's dismissal of his constitutional claims in April of 2025, but he has yet to see a response from the Court of Appeals.

The plaintiff's motion for clarification, dkt. [85], is **granted** to the extent that the Court explains the following regarding his appeal. Although the Court granted the defendant's motion for summary judgment in its Order of March 25, 2025, dkt. 70, and Mr. Stovall filed his notice of appeal on April 21, 2025, dkt. 73, final judgment was not entered until July 1, 2025, dkt. 83. Since he filed the

notice of appeal before entry of final judgment, Mr. Stovall's notice was premature. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). "Under Rule 4(a)(2), a premature notice of appeal does not ripen until judgment is entered." *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 275, (1991). Thus, Mr. Stovall's notice of appeal ripened on July 1, 2025, when final judgment was entered. Now that final judgment has been entered, Mr. Stovall's premature notice of appeal will be treated "'as filed after such entry.'" *Id.*; *see* Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."). Thus, Mr. Stovall's notice of appeal, dkt. 73, is now ripe for consideration by the Court of Appeals.

## III.    Conclusion

The plaintiff's motion to proceed on appeal *in forma pauperis,* dkt. [80], is **granted to the extent** that he shall have **through August 29, 2025,** in which to pay an initial partial payment of $5.57 to the clerk of the district court.

The plaintiff's motion for clarification, dkt. [85], is **granted.**

**SO ORDERED.**

Date: 7/28/2025

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DANIEL C. STOVALL
961380
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com